BYRNES, Judge,
concurring in part and dissenting in part.
I must respectfully dissent. In my opinion, Brady material was withheld by the prosecution in direct disobedience of the law and the orders of the trial court.
On July 17th, the trial judge discovered that the State had not told the truth when it reported that there was no “police incident report” in the case. At that time he ordered the State to produce, for in camera inspection, any prior inconsistent statements by potential state witnesses.
The State ignored this order and did not produce the tape recorded statements of Clyde Eads and Jon Johnson, or the transcribed statement of Jon Johnson. No sooner had trial begun than Johnson made reference to these concealed statements during his testimony. The Court then ordered a recess until the next day to consider the impact of this revelation on the future course of the trial. That evening, the judge learned that his orders had been further defied by the State when they deliberately concealed photographs which *992 showed Gary Krantz and others in possession of substantial amounts of cocaine.
The majority's ruling would hold that none of this evidence constituted Brady material because it was not “material” to guilt or innocence. The reason cited by the majority for this conclusion is that “... evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different”.
In my opinion, the evidence concealed by the State in this case could reasonably have effected the outcome of the proceedings. That evidence impeached the credibility of the State’s main witnesses. The effect of impeachment evidence on the trier of fact is difficult to gauge, particularly where that evidence is cumulative. However, because the fact finder’s estimate of the truthfulness and reliability of a witness may well be determinative of guilt or innocence, Courts should not lightly dismiss potential impeachment evidence as immaterial. We do not and cannot know how the defense could have used the concealed evidence. The State’s misconduct makes that impossible. However, in a situation such as this, where the State’s deliberate disobedience of the orders of the Court created a doubtful situation, I would resolve that doubt in favor of the defendant. I therefore dissent from the majority’s ruling that the concealed evidence was not Brady material.
I concur in the majority’s ruling that the State did not deliberately provoke the defense into moving for a mistrial. The facts of the case simply do not support such a conclusion.
Finally, it must be noted that the conduct of the District Attorney’s Office in this case has been deplorable. On at least three occasions the State deliberately disobeyed the orders of the trial court. Such conduct casts a shadow on the integrity of our system of justice. The conduct of the prosecutor should be straightforward, honest, and above reproach. Instead, this case presents the public with a picture of prose-cutorial conduct which is unacceptable under any standard of moral or legal ethics.